(27 Misc. Rep. 470.)

PEOPLE ex rel. KLEET et al. v. TOWN BOARD OF TOWN OF WEST TURIN.

(Supreme Court, Special Term, Onondaga County. May, 1899.)

1. ELECTION OFFICERS—COMPENSATION.
> Election officers who have worked until nearly midnight on election day are not entitled to compensation for more than one day, since the statute requires that they be present at least half an hour before the opening of the polls, and imposes on them duties necessarily requiring work after the closing of the polls, and the pay is fixed "for each day actually and necessarily devoted by them."

2. SAME—LENGTH OF WORKING DAY.
> The statute fixing the number of hours which shall constitute a day's work does not apply to election officers.

Application by the people, on the relation of John B. Kleet and others, against the town board of the town of West Turin, for a writ of mandamus. Denied.

E. M. Bagg, for relators.

C. S. Mereness, for defendant.

HISCOCK, J. The relators were election officers in the town of West Turin, and served as such at the general election in November, 1898. They worked until a little before 12 o'clock midnight of that day, in completing their labors, and the only question presented in this matter is whether they are entitled to compensation for more than one day. It seems to me, clearly, that they are not. The statute required that the polls upon election day should be opened from 6 o'clock a. m. until 5 o'clock p. m. It required that these relators, as election officials, should be present at least half an hour before the polls opened, and imposed on them the discharge of certain duties, which necessarily required work after the polls closed. Section 178 of chapter 569 of the Laws of 1890, as amended by chapter 252 of the Laws of 1897, provided that relators, "for each day actually and necessarily devoted by them" to the discharge of their duties, shall receive two dollars per day, in the absence of action by the board of supervisors fixing their compensation at a higher rate, which concededly was not done. They performed all of their services before midnight upon election day. The law fixing the number of hours which shall constitute a day's work by its terms manifestly does not apply to relators. This being so, they have no right to divide the ordinary and legal day of 24 hours into two or three days, and receive compensation therefor. It is not necessary here to decide whether an election officer would be entitled to compensation for more than one day if the discharge of his duties fairly warranted an adjournment over until the second day, and such adjournment was actually taken. In this case no such adjournment was taken, and the services were completed on the first day.

It very likely may be that the relators have been called upon to work for many more hours than would constitute a reasonable day's work. But, under the facts as they are presented, there does not seem to be opportunity for relief in these proceedings; and, furthermore, as appears by the facts as submitted, the town board have awarded them extra compensation. Ordered accordingly.